UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 03-300 (6- (\ )\P |
| | ) | |
| vs. | ) | VIOLATIONS: |
| | ) | |
| GERALD PHILLIPS, | ) | 18 U.S.C. §§ 371 and 1343 – |
| GIUSEPPE POLIMENI, | ) | Conspiracy to Commit Wire |
| JAMIE DWYER, and | ) | Fraud (Count One) |
| LUISA CARDAROPOLI, | ) | |
| | ) | 18 U.S.C. 1343 – Wire Fraud |
| Defendants. ) | ) | (Counts Two through Four) |

18 U.S.C. § 666(a)(1)(A) –
Program Fraud (Counts Five
through Seven)

18 U.S.C. § 1503 - Obstruction
of Justice (Counts Eight
through Twelve)

18 U.S.C. § 1512 - Threatening
a Witness (Count Thirteen)

18 U.S.C. § 2 – Aiding and
Abetting (Counts One through
Nine)

1



The Grand Jury charges:

## INDICTMENT

**COUNT ONE:**     **Title 18, United States Code, Sections 371 and 1343 - Conspiracy to Commit Wire Fraud**

### Introduction

### Entities and Parties Involved

At all times relevant to this Indictment:

1.    Massachusetts Career Development Institute (hereinafter "MCDI") is a quasi private/public department of the City of Springfield and located at 140 Wilbraham Avenue, Springfield, MA. MCDI provides educational and job training programs for income-eligible participants and other individuals.  MCDI is an organization that has received in excess of $10,000.00 in federal assistance every fiscal year from a variety of federal program grants from at least July, 1997 to the present.

2.    Massachusetts Career Development Institute, Inc. (hereinafter "MCDI, Inc.") originally had been formed in 1979. MCDI, Inc., which is also located at 140 Wilbraham Avenue, is a private, non-profit organization with an independent Board of Directors.  MCDI, Inc. is an organization that has received in excess of $10,000.00 in federal assistance every fiscal year from a variety of federal program grants from July, 1997 to the present.

3.    Massachusetts Career Development Institute Baking Co. (hereinafter "MCDI Baking Co.") was a part of MCDI, Inc. and

2

operated a kitchen and commissary that supplied muffins, breakfasts, lunches and other goods to Springfield schools under a contract with the Springfield School Department.   The Springfield School Department is an organization that has received in excess of $10,000.00 in federal assistance every fiscal year from the U.S. Department of Education from July, 1997 to the present.

4.    The Executive Director of MCDI was Gerald Phillips (hereinafter referred to as "Phillips").   Phillips was appointed to this position in July, 1997 by the Mayor of Springfield. Phillips also served as the chairman of the Springfield Police Commission, which oversees the Springfield Police Department, during his tenure as Executive Director of MCDI.   Phillips was appointed chairman of the Springfield Police Commission by the Mayor of Springfield.

5.    Giuseppe Polimeni (hereinafter referred to as "Polimeni") formerly served as the Director of MCDI, Inc. Polimeni retired in the summer, 2002.   Although in theory, MCDI, Inc. was a separate and distinct entity from MCDI, in practice, Phillips actually controlled MCDI, Inc. and made final decisions regarding personnel, finances, and other matters.

6.    Jamie Dwyer (hereinafter referred to as "Dwyer") formerly handled MCDI Baking Co.'s personnel and financial affairs, including its payroll, through April, 2001.   MCDI Baking

3

Co. had two facilities:  a kitchen and cafeteria located at 140
Wilbraham Avenue, and the Commissary located at 255 Liberty
Street.

## The Conspiracy

7.    From at least July, 1997, the exact beginning date
being unknown to the Grand Jury, and continuing thereafter
through at least July, 2001, in the District of Massachusetts,

**GERALD PHILLIPS,**
**GIUSEPPI POLIMENI,**
**JAMIE DWYER,**
**and**
**LUISA CARDAROPOLI,**

defendants herein, did unlawfully, willfully, and knowingly
combine, conspire, confederate, and agree with each other and
other persons both known and unknown to the Grand Jury to commit
an offense against the United States, that is, having knowingly
and willfully devised and intended to devise a scheme and
artifice to defraud by means of false and fraudulent pretenses,
representations, and promises, and material omissions, did
knowingly cause to be transmitted by an instrumentality of
interstate commerce writings, signs, signals, pictures and
sounds, to wit, the use of the telephone to fax false and
fraudulent weekly summary payroll sheets to MCDI Inc.'s payroll
service, for the purpose of executing such scheme and artifice to
defraud and in furtherance of the scheme and artifice to defraud
in violation of Title 18, United States Code, Section 1343.

4

## The Objects of the Conspiracy

The objects of the conspiracy were:

8.    to fraudulently obtain and convert to their own personal use, and to the personal use of others, money and other things of value from MCDI, Inc. for their own personal benefit or for the personal benefit of others; and,

9.    to fraudulently bill the Springfield School Department and the City of Springfield for hours worked by no-show employees.

## Overt Acts in Furtherance of the Conspiracy

As a part of and in furtherance of the above-described conspiracy and to accomplish the objects and purposes thereof, defendants herein and their co-conspirators did commit and cause to be committed the following overt acts:

9.    On or about May 3, 1999, Polimeni added his son-in-law to the MCDI Baking Co. payroll as a maintenance worker at the Commissary at a rate of approximately $274.00 in gross weekly wages.

10.   In or about the summer, 1999, Polimeni and Dwyer began fraudulently submitting and causing the fraudulent submission of false summary payroll sheets to MCDI, Inc.'s payroll service via facsimile so that Polimeni's son-in-law would receive weekly paychecks for work not performed.

11.   In or about the summer, 1999, Polimeni and Dwyer began

5

fraudulently billing the Springfield School Department for the labor costs associated with Polimeni's son-in-law's no-show job at the MCDI Baking Co. Commissary.

12.   In or about October, 1999, Polimeni added Luisa Cardaropoli (hereinafter referred to as "Cardaropoli") to the MCDI Baking Co. payroll as a baker at the Commissary at a rate of approximately $225.00 in gross weekly wages.

13.   In or about October, 1999, Polimeni and Dwyer began fabricating and causing the fabrication of false timesheets for Cardaropoli so that it appeared as if Cardaropoli actually worked in the MCDI Baking Co. Commissary during the hours recorded on Cardaropoli's timesheets.

14.   In or about October, 1999, Polimeni and Dwyer began fraudulently submitting and causing the fraudulent submission of false summary payroll sheets to MCDI, Inc.'s payroll service via facsimile so that Cardaropoli would receive weekly paychecks for work not performed.

15.   In or about October, 1999, Polimeni and Dwyer began fraudulently billing the Springfield School Department for the labor costs associated with Cardaropoli's no-show job at the MCDI Baking Co. Commissary.

16.   On or about February 28, 2000, Polimeni caused the submission of a false employment verification form to an insurance company that falsely represented that Polimeni's son-

6

in-law had been disabled from work at MCDI from January 18th, 2000 through February 28, 2000 so that Polimeni's son-in-law could recover lost wages as part of a false insurance claim.

17.  On or about March 28, 2000, Phillips and Polimeni added Gretchen Ortiz (hereinafter referred to as "Ortiz"), a student at MCDI, to the MCDI Baking Co. payroll as a muffin wrapper in the kitchen at a rate of approximately $240.00 in gross weekly wages.

18.  On or about March 31, 2000, Phillips caused Dwyer to issue a $500.00 MCDI Baking Co. check payable to Gretchen Ortiz so that Ortiz could use the $500.00 to obtain an apartment at 807 Liberty Street, Springfield, MA.

19.  On or about March 31, 2000, Dwyer issued the $500.00 MCDI Baking Co. check to Ortiz and then falsely categorized the check as "Advance Pay."

20.  Between March 31, 2000 and July 31, 2000, Phillips caused a MCDI maintenance worker to perform maintenance work on Ortiz' apartment at 807 Liberty Street.

21.  On or about May 31, 2000, Phillips caused the issuance of a $311.00 MCDI Baking Co. check to Witness F, an employee at MCDI who was 16 ½ years old at the time, so that Witness F could vacation in Puerto Rico.

22.  In or about June, 2000, Phillips, Polimeni and Dwyer began fabricating and causing the fabrication of false timesheets for Ortiz so that it appeared as if Ortiz actually worked in the

MCDI Baking Co. kitchen during the hours recorded on Ortiz's timesheets.

23.  In or about June, 2000, Polimeni and Dwyer began fraudulently submitting and causing the fraudulent submission of false summary payroll sheets to MCDI, Inc.'s payroll service via facsimile so that the payroll service would issue weekly paychecks in the name of Gretchen Ortiz.

24.  In or about June, 2000, Polimeni and Dwyer began fraudulently billing the Springfield School Department for the labor costs associated with Ortiz's no-show job in the MCDI Baking Co. kitchen.

25.  On or about June 15, 2000, Polimeni cashed MCDI Baking Co. Check No. 88518, which had been made payable to Ortiz and bore the forged endorsement of Ortiz, in the amount of $231.33 at Charter One Bank.

26.  On or about June 22, 2000, Polimeni cashed MCDI Baking Co. Check No. 93414, which had been made payable to Ortiz and bore the forged endorsement of Ortiz, in the amount of $231.33 at Springfield Teacher's Credit Union.

27.  On or about June 29, 2000, Phillips cashed MCDI Baking Co. Check No. 1076, which had been made payable to Ortiz, but did not bear Ortiz's endorsement, in the amount of $218.00 at Springfield Teacher's Credit Union.

28.  Beginning on or about June 29, 2000, and lasting

through December 14, 2000, Phillips, Polimeni and Dwyer caused weekly MCDI Baking Co. checks issued in the name of Ortiz in the amount of $231.33 to be converted to their own personal benefit or the personal benefit of another.

29.   In or about September, 2000, Dwyer began causing Cardaropoli's timesheets to reflect falsely that Cardaropoli now worked during the morning hours at the Commissary rather than the afternoon hours.

30.   In or about October, 2000, Phillips offered Witness F, who had expressed a desire to quit employment at MCDI, a promotion and a raise so that Witness F would not leave MCDI.

31.   On or about December 14, 2000, Dwyer issued MCDI Baking Check No. 1219 in the name of Ortiz and in the amount of $280.00 even though Dwyer knew that Ortiz no longer worked for the MCDI Baking Co.

32.   On or about June, 2001, Polimeni transferred the personnel and payroll of the MCDI Baking Co. Commissary to the Springfield School Department without informing the Springfield School Department that Cardaropoli was a no-show employee so that Cardaropoli could continue to collect weekly wages and health benefits.

All in violation of Title 18, United States Code, Sections 371, 1343, and 2.

9

**COUNT TWO:**    **Title 18, United States Code, Sections 1343 and 2
- Wire Fraud and Aiding and Abetting**

33.   The United States re-alleges and incorporates by
reference the allegations set forth in paragraphs 1 through 32.

34.   Between on or about May, 1999 and through July, 2000,
in the District of Massachusetts and elsewhere,

**GERALD PHILLIPS,
GIUSEPPI POLIMENI,
and
JAMIE DWYER,**

defendants herein, having devised the above-described scheme and
artifice to defraud and obtain money by means of false pretenses,
representations, and promises, and material omissions, did cause
to be transmitted by an instrumentality of interstate commerce,
to wit, the use of the telephone for facsimile purposes, to MCDI,
Inc.'s payroll service false and fraudulent weekly summary
payroll sheets, which falsely included a total number of hours
worked by Polimeni's son-in-law when in truth and in fact
Polimeni's son-in-law had not worked the full amount of hours
reflected on the weekly payroll summary sheets, for the purpose
of executing, and attempting to execute, the said scheme and
artifice to defraud.

All in violation of Title 18, United States Code, Section
1343, and Title 18, United States Code, Section 2.

10

**COUNT THREE:**     **Title 18, United States Code, Sections 1343 and 2**
                     **- Wire Fraud and Aiding and Abetting**

35.   The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 32.

36.   Between on or about October, 1999 and through July, 2001, in the District of Massachusetts and elsewhere,,

**GERALD PHILLIPS,**
**GIUSEPPI POLIMENI,**
**JAMIE DWYER,**
**and**
**LUISA CARDAROPOLI,**

defendants herein, having devised the above-described scheme and artifice to defraud and obtain money by means of false pretenses, representations, and promises, and material omissions, did cause to be transmitted by an instrumentality of interstate commerce, to wit, the use of the telephone for facsimile purposes, to MCDI, Inc.'s payroll service false and fraudulent weekly payroll summary sheets, which falsely included a total number of hours worked by Luisa Cardaropoli when in truth and in fact Luisa Cardaropoli had not worked the full amount of hours reflected on the weekly payroll summary sheets, for the purpose of executing, and attempting to execute, the said scheme and artifice to defraud.

All in violation of Title 18, United States Code, Section 1343, and Title 18, United States Code, Section 2.

11

**COUNT FOUR:**     **Title 18, United States Code, Sections 1343 and 2
                   - Wire Fraud and Aiding and Abetting**

37.   The United States re-alleges and incorporates by
reference the allegations set forth in paragraphs 1 through 32.

38.   Between on or about May, 2000 and through December 14,
2000, in the District of Massachusetts and elsewhere,

**GERALD PHILLIPS,
GIUSEPPI POLIMENI,
and
JAMIE DWYER,**

defendants herein, having devised the above-described scheme and
artifice to defraud and obtain money by means of false pretenses,
representations, and promises, and material omissions, did cause
to be transmitted by an instrumentality of interstate commerce,
to wit, the use of the telephone for facsimile purposes, to MCDI,
Inc.'s payroll service false and fraudulent weekly payroll
summary sheets, which falsely included a total number of hours
worked by Gretchen Ortiz when in truth and in fact Gretchen Ortiz
had not worked the full amount of hours reflected on the weekly
payroll summary sheets, for the purpose of executing, and
attempting to execute, the said scheme and artifice to defraud.

All in violation of Title 18, United States Code, Section
1343, and Title 18, United States Code, Section 2.

12

**COUNT FIVE:**     **Title 18, United States Code, Sections**
                    **666(a)(1)(A) and 2 - Federal Program Fraud and**
                    **Aiding and Abetting**

39.   The United States re-alleges and incorporates by
reference the allegations set forth in paragraphs 1 through 32.

40.   Between on or about May, 1999 and through July, 2000,
in the District of Massachusetts and elsewhere,

**GERALD PHILLIPS,**
**GIUSEPPI POLIMENI,**
**and**
**JAMIE DWYER,**

defendants herein, did intentionally misapply and knowingly
embezzle, steal, obtain by fraud and otherwise without authority
convert to the use of Polimeni's son-in-law, a person other than
the rightful owner, property valued at $5,000.00 or more and
owned by or under the care, custody, and control of the
Springfield School Department, by submitting monthly invoices to
the Springfield School Department that falsely included the labor
costs of Polimeni's son-in-law, when in truth and in fact
Polimeni's son-in-law did not work the full amount of hours for
which MCDI, Inc. billed the Springfield School Department.

All in violation of Title 18, United States Code, Section
666(a)(1)(A) and Title 18, United States Code, Section 2.

13

**COUNT SIX:**      **Title 18, United States Code, Sections 666(a)(1)(A) and 2 - Federal Program Fraud and Aiding and Abetting**

41.   The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 32.

42.   Between on or about October, 1999 and through July, 2001, in the District of Massachusetts and elsewhere,

**GERALD PHILLIPS,
GIUSEPPI POLIMENI,
JAMIE DWYER,
and
LUISA CARDAROPOLI,**

defendants herein, did intentionally misapply and knowingly embezzle, steal, obtain by fraud and otherwise without authority convert to the use of Luisa Cardaropoli, a person other than the rightful owner, property valued at $5,000.00 or more and owned by or under the care, custody, and control of the Springfield School Department, by submitting monthly invoices to the Springfield School Department that falsely included the labor costs of Luisa Cardaropoli, when in truth and in fact Luisa Cardaropoli did not work the full amount of hours for which MCDI, Inc. billed the Springfield School Department.

All in violation of Title 18, United States Code, Section 666(a)(1)(A) and Title 18, United States Code, Section 2.

14

**COUNT SEVEN:** **Title 18, United States Code, Sections**
**666(a)(1)(A) and 2 - Federal Program Fraud and**
**Aiding and Abetting**

43.   The United States re-alleges and incorporates by
reference the allegations set forth in paragraphs 1 through 32.

44.   Between on or about October, 1999 and through July,
2001, in the District of Massachusetts and elsewhere,

**GERALD PHILLIPS,**
**GIUSEPPI POLIMENI,**
**and**
**JAMIE DWYER,**

defendants herein, did intentionally misapply and knowingly
embezzle, steal, obtain by fraud and otherwise without authority
convert to the use of Gretchen Ortiz, Gerald Phillips, Giuseppi
Polimeni, and others, persons other than the rightful owner,
property valued at $5,000.00 or more and owned by or under the
care, custody, and control of the Springfield School Department,
by submitting monthly invoices to the Springfield School
Department that falsely included the labor costs of Gretchen
Ortiz, when in truth and in fact Gretchen Ortiz did not work the
full amount of hours for which MCDI, Inc. billed the Springfield
School Department.

All in violation of Title 18, United States Code, Section
666(a)(1)(A) and Title 18, United States Code, Section 2.

15

**COUNT EIGHT**:   **Title 18, United States Code, Section 1503 -**
                   **Obstruction of Due Administration of Justice**

Between on or about August, 2001, and August, 2002, within
the District of Massachusetts,

**GIUSEPPI POLIMENI,**
**and**
**JAMIE DWYER,**

defendants herein, did corruptly obstruct and impede, and
endeavor to obstruct and impede, the due administration of
justice by altering the timesheets of Polimeni's son-in-law in an
attempt to make the timesheets appear as if Polimeni's son-in-law
in fact had worked for the wages that he received from MCDI, Inc.
and then producing and causing to be produced said altered
timesheets to the federal grand jury.

All in violation of Title 18, United States Code, Sections
1503 and 2.

16

**COUNT NINE:**     **Title 18, United States Code, Sections 1503 and 2
- Obstruction of Due Administration of Justice and
Aiding and Abetting**

Between on or about August, 2001, and September, 2002,
within the District of Massachusetts,

**GIUSEPPE POLIMENI,**

defendant herein, did corruptly obstruct and impede, and endeavor
to obstruct and impede, the due administration of justice by
altering the timesheets of Polimeni's son-in-law in an attempt to
make the timesheets appear as if Polimeni's son-in-law in fact
had worked for the wages that he received from MCDI, Inc. and
then producing and causing to be produced said altered timesheets
to the federal grand jury.

All in violation of Title 18, United States Code, Sections
1503 and 2.

17

**COUNT TEN:**      **Title 18, United States Code, Section 1503 -
Obstruction of Due Administration of Justice**

On or about January 15th, 2002, within the District of
Massachusetts,

**GIUSEPPI POLIMENI,**

defendant herein, did corruptly obstruct and impede, and endeavor
to obstruct and impede, the due administration of justice by
falsely stating to a Special Agent of the Federal Bureau of
Investigation in substance he was not aware of any other
employees not working or not being at MCDI during the time that
they were scheduled to work, and that he never sat down to scheme
anything regarding his son-in-law's timesheets.

All in violation of Title 18, United States Code, Section
1503.

18

**COUNT ELEVEN:   Title 18, United States Code, Section 1503 -
Obstruction of Due Administration of Justice**

On or about March 7, 2002, within the District of
Massachusetts,

**JAMIE DWYER,**

defendant herein, did corruptly obstruct and impede, and endeavor
to obstruct and impede, the due administration of justice by
falsely stating to a Special Agent of the Federal Bureau of
Investigation that she assumed that Gretchen Ortiz worked her
full shift, but cannot verify the actual number of hours worked
by Ortiz.

All in violation of Title 18, United States Code, Section
1503.

**COUNT TWELVE**:   **Title 18, United States Code, Section 1503 –**
**Obstruction of Due Administration of Justice**

On or about February 27th, 2003, within the District of
Massachusetts,

**LUISA CARDAROPOLI,**

defendant herein, did corruptly obstruct and impede, and endeavor
to obstruct and impede, the due administration of justice by
falsely stating to a Special Agent of the Federal Bureau of
Investigation that she had worked twenty to twenty-five hours per
week at MCDI.

All in violation of Title 18, United States Code, Section
1503.

20

**COUNT THIRTEEN:   Title 18, United States Code, Section 1512(b)(1)
                    - Threatening a Witness**

On or about March 11th, 2003, within the District of
Massachusetts,

**GERALD PHILLIPS,**

did knowingly intimidate, threaten, and corruptly persuade, and
attempt to intimidate, threaten, and corruptly persuade Witness F
with the intent to influence, delay and prevent the testimony of
Witness F in a federal grand jury proceeding by stating to
Witness F in substance that she should keep her mouth shut or she
would disappear.

All in violation of Title 18, United States Code, Section
1512(b)(1).

21

A TRUE BILL

_Gretchen Casagrande_
FOREPERSON OF THE GRAND JURY

_William M. Welch II_
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS: ___March 27___, 2003

Returned into the District Court by the Grand Jurors and filed at 4:53 pm

_____
DEPUTY CLERK OF THE COURT

22